# STATE OF MICHIGAN

# COURT OF APPEALS

SOMERSET PAIN CLINIC, PC,

Plaintiff-Appellant,

v

ESURANCE INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
December 13, 2018

No. 341562
Wayne Circuit Court
LC No. 17-005042-NF

Before:  M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

In this action seeking recovery of personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiff, Somerset Pain Clinic, PC, appeals as of right the trial court's order granting summary disposition to defendant, Esurance Insurance Company, and denying plaintiff's motion for leave to amend its complaint.  We reverse.

The facts of this case are undisputed.  Choka Johnson incurred injuries in an automobile accident that occurred on May 12, 2008.  Plaintiff, "a provider of medical, therapeutic and rehabilitative services," rendered various medical services to Johnson for the injuries she sustained in the accident.  Defendant, Johnson's automobile insurer, failed to reimburse plaintiff for these services.  Plaintiff filed this action on March 30, 2017, alleging that defendant violated its statutory duty under the no-fault act to reimburse plaintiff for the services rendered to Johnson.

On May 25, 2017, the Michigan Supreme Court decided *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), and held that healthcare providers have no statutory cause of action against a no-fault insurer.  *Id*. at 217-218.  On June 8, 2017, Johnson assigned to plaintiff "all rights regarding breach of contract for payment for medical treatment, services and products provided by [plaintiff] to [her]."  Plaintiff filed an amended complaint on June 14, 2017; this amended complaint set forth Johnson's assignment.

On September 14, 2017, defendant moved for summary disposition, arguing that (1) plaintiff did not timely file its amended complaint and filed it without the trial court's permission; (2) under *Covenant*, plaintiff could not sustain a statutory cause of action against defendant, a no-fault insurer, for PIP benefits; (3) if the trial court allowed the amendment as a supplemental pleading, then all benefits Johnson received before June 14, 2016, were barred by the one-year-back rule, MCL 500.3145(1); and (4) anti-assignment language in the insurance

-1-

contract barred plaintiff's claim based on the assignment from Johnson. Plaintiff subsequently filed a motion regarding the amendment of the complaint. On December 4, 2017, the trial court, relying on the anti-assignment language, granted defendant's motion for summary disposition and denied, as futile, plaintiff's motion for leave to amend its pleading.

A trial court's decision on a motion for summary disposition is reviewed de novo, as are decisions concerning the "construction and application of court rules." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A trial court's decision on a motion to amend pleadings is reviewed for an abuse of discretion. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208; ___ NW2d ___ (2018). A trial court abuses its discretion when its decision is "outside the range of reasonable and principled outcomes." *Id*. (citation and quotation marks omitted).

A healthcare provider does not have a statutory cause of action against a no-fault insurer. *Covenant*, 500 Mich at 217-218.[1] Rather, the healthcare provider must recover costs directly from "the person to whom services were provided." *Id*. at 218. However, nothing in *Covenant* "alter[s] an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40.

Contract-construction rules apply to insurance policies:

> We hold, first, that insurance policies *are* subject to the same contract construction principles that apply to any other species of contract. Second, unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written. [*Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005), implied overruling on other grounds recognized in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 321 Mich App 159, 183-184; 909 NW2d 38 (2017).]

Generally, assignments are permitted unless the contract clearly states otherwise. *Shah*, 324 Mich App at 197. However, an otherwise clear and unambiguous contractual provision is unenforceable if the provision violates law or public policy. *Id*. at 197.

In *Shah*, *id*. at 200, this Court held that an anti-assignment clause in an insurance policy contract was unenforceable because it violated Michigan public policy. George Hensley had been injured in an automobile accident on November 30, 2014, and the defendant was his insurer. *Id*. at 186. The plaintiffs provided medical services to Hensley and submitted costs to the defendant. *Id*. The defendant refused to pay. *Id*. The plaintiffs submitted their original complaint on February 24, 2017, against the defendant, and the Supreme Court subsequently decided *Covenant* on May 25, 2017. *Id*. "Apparently anticipating defendant's motion [for summary disposition], plaintiffs . . . obtained an assignment of rights from Hensley on July 11,

---

[1] *Covenant* applies retroactively. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017).

2017, to pursue payment of no-fault benefits for healthcare services 'already provided' by plaintiffs." *Id*. at 187-188.

The *Shah* Court held that "the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of any accrued claim to payment—because such a prohibition of assignment violates Michigan public policy[.]" *Id*. at 200.

Applying *Shah* to the remarkably similar facts of the present case, the anti-assignment provision was unenforceable because of public policy. Johnson had an accrued claim against defendant, her insurer, for "payment of health care services that had already been provided by plaintiff[]." *Id*. This accrued claim against defendant existed "*before* [Johnson] executed the assignment." *Id*. (emphasis added). Therefore, Johnson was free to assign this claim to plaintiff, despite the anti-assignment provision.

The plaintiffs in *Shah* received their assignment on July 11, 2017. *Id*. at 204. However, they argued that their amendment, which added the assignment claim, should have related back to the date of the initial complaint, i.e., February 24, 2017. *Id*. at 189. This Court disagreed, holding that

> plaintiffs did not obtain the right to pursue no-fault benefits for any portion of the loss incurred more than one year before July 11, 2017, because that is the pertinent point of reference for purposes of the one-year-back rule. A supplemental pleading predicated on the July 11, 2017 assignments could not relate back to the date of the original pleading. [*Id*. at 205.]

In reaching this conclusion, this Court held that the plaintiffs had in actuality filed a supplemental pleading and not an amended pleading:

> Had Hensley filed an action directly against defendant on July 11, 2017, he would not have been permitted to recover any benefits beyond the portion of the loss incurred one year before that date. Accordingly, plaintiffs also could not obtain any right to recover benefits for losses incurred more than one year before July 11, 2017, through an assignment of rights from Hensley. Furthermore, the procurement of the assignments was an event that occurred after the filing of the original complaint and provided the only means by which plaintiffs could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case. [*Id*. at 204 (citations omitted).]

Therefore,

> [b]ecause plaintiffs actually sought to file a supplemental pleading, it could not relate back to the date of the original pleading. Through the assignment, plaintiffs only obtained the rights Hensley actually held at the time of the execution of the assignment, and plaintiffs cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than they actually received. [*Id*. at 205-206 (citations omitted).]

-3-

Accordingly, *Shah* instructs that plaintiff sought in actuality to file a supplemental pleading. Plaintiff obtained the assignment from Johnson on June 8, 2017, which was after its original complaint was filed on March 30, 2017. *Covenant* barred plaintiff's direct cause of action against defendant. Consequently, plaintiff's "procurement of the assignment[] was an event that occurred *after* the filing of [its] original complaint and provided the only means by which plaintiff[] could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case." *Id*. at 204 (emphasis added). Therefore, plaintiff cannot "obtain any right to recover benefits for losses incurred more than one year before" June 8, 2017." *Id*.

The trial court, however, did not allow the supplemental pleading in the first instance because it found that the anti-assignment clause rendered it futile. Given our conclusion that the clause did not in fact bar the claim, the trial court must reconsider the issue of the supplemental pleading. *Id*. at 207-209.

We reverse the trial court's decision and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien